UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SRH HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-10325-DJC |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO INSURANCE AGENCY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
[Docket No. 54]

January 4, 2024

Boal, M.J.

This case arises out of Defendants Government Employees Insurance Company and GEICO Insurance Agency, Inc.'s (collectively, "GEICO") allegedly wrongful termination of plaintiff SRH Holdings, LLC ("SRH") as a GEICO field representative.[1]  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, GEICO has moved for entry of a protective order governing the production of confidential and sensitive information in this action.  Docket No. 54.[2]  SRH does not object to the entry of a stipulated protective order but argues that the protective order sought by GEICO is too broad in that it would prevent SRH from sharing

---

[1] GEICO enters into contracts with third parties as field representatives or "GFRs" which market, sell, and service GEICO insurance policies and unaffiliated insurer policies.  See Docket No. 55 at 1.

[2] On December 5, 2023, Judge Casper referred the motion to the undersigned.  Docket No. 57.

1

information subject to the protective order with counsel for similarly situated plaintiffs. Docket No. 56.[3]

SRH requests that any protective order issued in this case contain a "sharing clause" allowing SRH's counsel to share information with attorneys for similarly situated plaintiffs. Docket No. 56 at 7-9. According to SRH, over 2,000 GFRs have been terminated this year, and lawsuits arising from those terminations have been filed in Massachusetts, Ohio, Mississippi, and Maryland. Id. at 7. GEICO has sought similar protective orders in those cases that would prevent counsel from communicating with counsel or similarly situated plaintiffs. Id. SRH argues that the effect is to "silo cases, preventing plaintiffs from marshaling evidence of GEICO's misconduct, including evidence of its misclassification of employees as independent contractors." Id. SHR proposes that it be allowed to share confidential information with counsel for similarly situated plaintiffs provided such counsel execute a declaration stating that he or she agrees to be bound by the protective order in this case. Id. at 8.

Such sharing clauses, however, are disfavored in the federal courts. See Biazari v. DB Indus., LLC, No. 5:16-cv-49, 2017 WL 1498122, at *3 (W.D. Va. Apr. 26, 2017) (collecting cases). Among other things, courts have recognized that the risk of disclosure of confidential information subject to a protective order increases as more individuals gain access to the material. Id. at *4. Those courts that have allowed sharing clauses have done so only where the protected discovery is highly relevant to other litigation such that duplicative discovery may be avoided and the sharing of information would promote efficiency, minimize discovery costs, and

---

[3] SRH also objected to inclusion of an "Attorneys' Eyes Only" provision. Docket No. 56 at 5-7. In its reply memorandum and at oral argument, however, GEICO stated that it was no longer seeking inclusion of such a provision in the protective order and would be agreeable to entry of this Court's model form protective order. See Docket No. 61 at 1.

conserve judicial resources.  See Cohen v. Norcold, Inc., No. 5:20-CV-170-BO, 2023 WL 3335048, at *3 (E.D.N.C. May 8, 2023).  SRH has made no such showing here.

SRH relies on Judge Robertson's order in Sweet v. Polaris Indus., Inc., No. 3:21-cv-40076-MGM, 2022 WL 974139 (D. Mass. Mar. 31, 2022).  There are some key differences between that case and this one.  Sweet involved claims arising out of the alleged defective design and manufacture of defendant's all-terrain vehicle.  Id. at *1.  Judge Robertson noted that the plaintiff had identified specific ways in which sharing would be useful in Sweet's case against the defendant.  For example, Judge Robertson noted that counsel could communicate with other lawyers in similar cases to compare technical productions "to better understand the data produced, and he can learn how they have used the same records to conduct corporate depositions or develop facts germane to the same design theories or to counter any technical defenses raised by Polaris." Id. at *3.  Here, SRH has not articulated specific ways in which the sharing of information could be useful to this case.[4]

Accordingly, GEICO's motion is granted in part and denied in part.  This Court will enter the model protective order set forth in its Standing Order Re: Motions for Stipulated Protective Orders dated September 20, 2021.

**So Ordered**.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

[4] Rather, at oral argument, counsel for SRH focused on the benefit of obtaining information from other cases for use in this action.  However, it appears that the protective orders in those cases do not include sharing clauses.  See Docket Nos. 61-1, 61-2.