UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
SRH HOLDINGS, LLC,                          )
)
Plaintiff,                          )
)
v.                          )          Civil Action No. 23-10325-DJC
)
GOVERNMENT EMPLOYEES                        )
INSURANCE COMPANY AND                       )
GEICO INSURANCE AGENCY, INC.,               )
)
Defendants.                         )
_____)

ORDER ON PLAINTIFF'S MOTION TO COMPEL LOCATION OF
DEPOSITIONS AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER[1]
[Docket No. 77, 79]

October 29, 2024

Boal, M.J.

     This case arises out of Defendants Government Employees Insurance Company and

GEICO Insurance Agency, Inc.'s (collectively "GEICO") allegedly wrongful termination of

plaintiff SRH Holdings, LLC ("SRH") as a GEICO field representative.[2]  SRH has moved for an

order directing that the Rule 30(b)(6) deposition of GEICO as well as the depositions of GEICO

employees, Nick Marzo, Thomas Hardman, and Ryan Dunham take place at the offices of SRH's

counsel in Wellesley, Massachusetts.  Docket No. 77.  GEICO, in turn, has moved for a

---

[1] Judge Casper referred the motions to the undersigned on September 11 and 12, 2024, respectively.  Docket Nos. 78, 81.

[2] GEICO enters into contracts with third parties as field representatives or "GFRs" which market, sell, and service GEICO and unaffiliated insurer policies.  See Docket No. 55 at 1.

protective order directing that its Rule 30(b)(6) deposition be taken either by remote means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure or in Chevy Chase, Maryland, where GEICO is headquartered.  Docket No. 79.[3]  For the following reasons, this Court grants in part SRH's motion to compel and denies GEICO's motion for a protective order.

I.   RELEVANT BACKGROUND

In this action, SRH alleges that GEICO wrongfully and without cause unilaterally terminated SRH as a GEICO representative after SRH had made commitments of over $1,920,000 towards its business.  See generally Second Amended Complaint ("SAC") at ¶¶ 32, 56-62.  According to SRH, by doing so, GEICO sought to deprive, and did deprive, SRH of commissions it would be entitled to receive in the normal course of business.  Id. at ¶ 61.  In addition, GEICO failed to make significant payments, estimated to exceed $250,000, on insurance policies that SRH wrote but for which it did not receive credit.  Id. at ¶ 63.

SRH seeks to take the Rule 30(b)(6) deposition of GEICO as well as the depositions of GEICO employees Nicholas Marzo, Thomas Hardman, and Ryan Dunham in Wellesley, Massachusetts.  See Docket No. 77 at 3.  Mr. Marzo is GEICO's Agency Systems & Experience Lead.  Declaration of Nicholas Marzo (Docket No. 82-3) ("Marzo Decl.") at ¶ 1.  He works out of GEICO's Getzville, New York, office, and resides in New York.  Id.  He avers that he has traveled to Massachusetts for work when he was in a prior position with GEICO, but does not now regularly travel to Massachusetts for work in his current position.  Id. at ¶ 2.  He also states that he has no current plans to travel to Massachusetts.  Id. at ¶ 3.

---

[3] GEICO also moved for a protective order requiring SRH to reschedule GEICO's Rule 30(b)(6) deposition for a date that its designee is available.  Docket No. 79 at 1.  SRH, however, does not object to the rescheduling of the deposition and has agreed to confer with GEICO's counsel about an appropriate date.  Docket No. 83 at 1.  That portion of the motion is therefore moot.

Prior to moving into his current role, Mr. Marzo was an Agency Operation manager on the Performance Team, and before that, an Agency Operations Manager/Zone Manager focusing on onboarding newer GFRs and quality and underwriting consultations.  Supplemental Declaration of Nicholas Marzo (Docket No. 91-2) ("Suppl. Marzo Decl.") at ¶ 11.  According to SRH, his responsibilities included the overall direction of SRH's offices as well as the offices of other GEICO field representatives in Massachusetts.  Affidavit of Richard Hurwitz (Docket No. 83-1) ("Hurwitz Aff.") at ¶ 2.  Richard Hurwitz, one of the owners of SRH, met with Mr. Marzo at SRH's offices in mid-2021, when he visited its offices to review its implementation of a program to issue license plates to GEICO customers.  Id. at ¶ 3.  According to Mr. Marzo, however, he did not have the discretion to hire or fire any GEICO employees or terminate any GFR contracts.  Suppl. Marzo Decl. at ¶ 16.

Thomas Hardman is a Senior Information Systems Analyst at GEICO.  Declaration of Thomas Hardman (Docket No. 82-4) ("Hardman Decl.") at ¶ 1.  He works out of GEICO's Melville, New York service center, and resides in New York.  Id.  He does not regularly travel for work, does not regularly travel to Massachusetts, and has no current plans to travel to Massachusetts for business.  Id. at ¶¶ 2-4.

Ryan Dunham has been employed by GEICO for over twenty years.  Declaration of Ryan Dunham (Docket No. 82-2) ("Dunham Decl.") at ¶ 1.  His current title is Senior Director Local Agency Operations.  Id.  Mr. Dunham works at GEICO's headquarters in Chevy Chase, Maryland and resides in Maryland.  Id. at ¶ 2.  GEICO has designated Mr. Dunham to serve as its corporate designee for its Rule 30(b)(6) deposition.  Id. at ¶ 3.  He has responsibility over the GEICO GFR program, and he is familiar with the events leading to SRH's systems suspension and termination of its GFR contract.  Id.  Mr. Dunham does not regularly travel for work and

3

does not regularly travel to Massachusetts.  Id. at ¶¶ 8-9.  He has been to Massachusetts twice;

once in high school, and once for work.  Id. at ¶ 8.  He has no current plans to travel to

Massachusetts.  Id. at ¶ 10.

II.      ANALYSIS

    A.      Depositions Of Mr. Marzo And Mr. Hardman

Rule 30(a) of the Federal Rules of Civil Procedure provides that the attendance of

witnesses at a deposition may be compelled by subpoena as provided by Rule 45 of the Federal

Rules of Civil Procedure.  Fed. R. Civ. P. 30(a)(1).  "Though Rule 30 does not say so expressly,

a subpoena is not necessary if the person to be examined is a party or an officer, director, or

managing agent of a party."  8A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2107 (3d ed.).  If the deponent is not a party, officer, director, or managing agent of

a party, then a Rule 45 subpoena is required, see E.I. DuPont De Nemours and Co. v. Kolon

Indus., Inc., 268 F.R.D. 45, 48 (E.D. Va. 2010), and the deposition must take place "within 100

miles from where the person resides, is employed, or regularly transacts business in person."

Fed. R. Civ. P. 45(c)(1)(A).  SRH argues that Mr. Marzo and Mr. Hardman are "managing

agents" of GEICO and, therefore, a Rule 45 subpoena is not required.  See Docket No. 77 at 4;

Docket No. 98 at 1.

"The managing agent test is a 'functional one.'"  Smith v. Shoe Show of Rocky Mount.,

Inc., No. 00-30141-MAP, 2001 WL 1757184, at *1 (D. Mass. Apr. 26, 2001) (citation omitted).

A managing agent is defined as:

> (1) a person invested by the corporation with general powers to exercise his
> judgment and discretion in dealing with corporate matters; (2) who could
> be depended upon to carry out his employer's direction to give testimony at
> the demand of a party engaged in litigation with the employer; and (3) who
> can be expected to identify himself with the interest of the corporation rather
> than with those of the other parties.

Id. (citation and internal quotation marks omitted).

According to SRH, Mr. Marzo was responsible for implementing the GFR program within his region, exercising judgment and discretion over SRH's operations.  Docket No. 98 at 4.  GEICO acknowledges that in his prior role, Mr. Marzo met with GFRs to discuss their agency's loss ratios and to provide recommendations on best practices, among other things. Docket No. 91 at 3.  He was also part of the GFR onboarding team, providing newly contracted GFR principals with training materials.  Id.  In arguing that Mr. Marzo does not qualify as a managing agent, GEICO focuses on the fact that he had no employees directly reporting to him and always reported to upper-level employees.  See Docket No. 91 at 7.  It appears, however, that Mr. Marzo had some managerial authority over SRH, regardless of whether SRH is properly classified as an independent contractor or an employee, and even if he was responsible to higher authority to some extent.[4]  See Docket No. 98 at 3.  I find therefore that Mr. Marzo is a managing agent for purposes of Rule 30 and the location of his deposition is subject to the same analysis as the location of GEICO's Rule 30(b)(6) deposition set forth below.

There is no evidence before this Court, however, that Mr. Hardman is a managing agent. At oral argument, GEICO described him as a "numbers cruncher" who maintains GEICO's commissions system.  SRH has provided no evidence to the contrary.  Accordingly, his deposition must occur within 100 miles of where he resides, is employed, or regularly transacts business in person.

---

[4] This Court takes no position whether SRH was properly classified as an employee or an independent contractor.

B.      Depositions of Dunham And GEICO[5]

Although some courts have presumed that a 30(b)(6) deposition of a corporation should be taken at its principal place of business, one court in this district has found that the presumption "appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other."  Smith, 2001 WL 1757184, at *2 (collecting cases).  In making a determination with respect to location, a court may consider factors such as the location of counsel for both parties, the size of the defendant corporation and the regularity of executive travel, the nature of the claim, and the relationship of the parties. Nat'l Cmty Reinvestment Coal. v. NovaStar Fin., Inc., 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009); see Smith, 2001 WL 1757184, at *2-3 (also listing as factors the number of corporate representatives to be deposed and the likelihood of significant discovery disputes arising that would necessitate resolution).  "Expense is also 'an important question in determining where to hold the examination.'"  Nat'l Cmty Reinvestment Coal, 604 F.Supp.2d at 31-32 (citation omitted).

SRH's counsel is in Massachusetts; GEICO's main counsel is in Mississippi.  Therefore, whether the deposition takes place in Massachusetts, New York, or Maryland, GEICO's counsel will have to travel.  In addition, GEICO has local counsel who has made an appearance in this case.  SRH's counsel and his client would have to travel not just for this deposition but for other depositions as well.  GEICO is a large corporation with a nationwide presence and this case relates to its GFR program, which allowed it to do business in Massachusetts through field representatives.  GEICO argues that a remote deposition would be the least burdensome for

---

[5] The parties agree that because Dunham is GEICO's designated Rule 30(b)(6) witness, both the Rule 30(b)(6) deposition and his individual deposition should occur in the same place, for the witness's convenience.  Docket No. 82 at 4; Docket No. 83 at 2.

everyone.  <u>See</u> Docket No. 82 at 8.  This Court agrees with SRH that remote depositions are generally inferior to live, in person depositions.  Accordingly, after balancing all of the relevant factors, this Court finds that the depositions of GEICO, Mr. Dunham, and Mr. Marzo should occur in Massachusetts.

III.    <u>ORDER</u>

For the foregoing reasons, this Court grants in part SRH's motion to compel depositions and denies GEICO's motion for a protective order.

  /s/ Jennifer C. Boal               
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE
