UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| SRH HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-10325-DJC |
| ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY AND ) | |
| GEICO INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
[Docket No. 115]

June 12, 2025

Boal, M.J.

Plaintiff SRH Holdings, LLC ("SRH") has moved for leave to amend its complaint to add further allegations regarding its breach of contract claim and to add a claim for unfair or deceptive practices pursuant to M.G.L. c. 93A.  Docket No. 115.[1]  For the following reasons, I deny the motion.[2]

I.    FACTUAL AND PROCEDURAL BACKGROUND

SRH filed its complaint in state court on February 10, 2023.  See Docket No. 10 at 3.  On February 13, 2023, defendants Government Employees Insurance Company and GEICO

---

[1] On May 20, 2025, Judge Casper referred the motion to the undersigned.  Docket No. 133.

[2] In this district, courts have found that a motion to amend is a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure.  See Trustees of Bos. Univ. v. Everlight Elecs. Co., C.A. No. 12-11935-PBS, Docket No. 883 (D. Mass. Oct. 10, 2014); see also Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

Insurance Agency, Inc. (collectively, "GEICO") removed the case to this Court. Docket No. 1. On February 24, 2023, SRH filed an amended complaint. Docket No. 11. SRH again amended the complaint on March 17, 2023. Docket No. 25.

On September 18, 2023, Judge Casper issued a scheduling order, which set a February 9, 2024 deadline for amendment of pleadings. Docket No. 52 at 1. The scheduling order was subsequently amended four times. See Docket Nos. 66, 72, 103, 113. The deadline for amendment of pleadings, however, remained unchanged. Under the current scheduling order, fact discovery was to be completed by May 7, 2025; plaintiff's expert disclosures were due by May 21, 2025; and defendant's experts disclosures are due by June 19, 2025. Docket No. 113. On May 2, 2025, the parties filed a joint motion to extend the fact discovery deadline in order to complete two depositions. Docket No. 124. Under the parties' proposal, fact discovery would close on June 13, 2025. See id.

On April 18, 2025, SRH filed the instant motion. Docket No. 115. SRH seeks to amend Count I (breach of contract) to add claims regarding unpaid commissions. Docket No. 116 at 1-2. SRH also seeks to add a claim for unfair or deceptive practices under M.G.L. c. 93A. Id. at 2. GEICO filed an opposition on May 2, 2025. Docket No. 125. This Court heard oral argument on June 11, 2025.

II.    STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "enjoys significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted). "In the early stages of litigation, grounds for denial are generally limited to 'undue delay, bad faith or dilatory motive . . . , undue prejudice to the opposing party . . . , [and] futility of amendment.'" Viscito v. Nat'l

Plan. Corp., No. CV 3:18-30132-MGM, 2019 WL 7578462, at *2 (D. Mass. July 5, 2019) (alterations in original) (quoting ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55-56 (1st Cir. 2008)).

"However, the longer a party waits before filing its motion to amend, the more exacting the standard becomes. Certain milestones, such as a scheduling order, close of discovery, or a timely-filed motion for summary judgment, may change a court's hospitality towards a motion to amend." Viscito, 2019 WL 7578462, at *2. "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .'" Id. (quoting Acosta–Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).

"Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Steir, 383 F.3d at 12 (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154–155 (1st Cir. 2004)). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir, 383 F.3d at 12. However, where the close of discovery is imminent the potential for undue prejudice grows. Viscito, 2019 WL 7578462, at *2 (citing Steir, 383 F.3d at 12).

III.    DISCUSSION

"Undue delay, on its own, may be enough to justify denying a motion for leave to amend.'" Nat'l Fed'n of the Blind v. Container Store, No. CV 15-12984-NMG, 2020 WL 533022, at *3 (D. Mass. Feb. 3, 2020) (quoting Hagerty ex rel. U.S. v. Cyberonics, Inc., 844 F.3d

26, 34 (1st Cir. 2016)). The plaintiff has a burden, at minimum, to show a valid reason for delay

and neglect. Nat'l Fed'n of the Blind, 2020 WL 533022, at *3. In assessing whether the plaintiff

has carried its burden, a court may examine what the plaintiff knew or should have known and

what it did or should have done. Id.

      SRH has failed to show good cause for waiting to seek to amend its complaint over one

year after the deadline to do so and when fact discovery was almost over after several extensions

of the scheduling order deadlines.  SRH states only that "discovery evidence obtained warrants

the requested amendment" and that its own anticipated deposition testimony will establish the

alleged unfair or deceptive practices.  See Docket No. 116 at 5, 10.  SRH, however, does not

state what "discovery evidence" warrants the new allegations or when it obtained such

discovery.[3]  It would appear that SRH was aware of the facts giving rise to the proposed

amendments much earlier.  For example, SRH's bases its proposed Chapter 93A claim on,

among other things, the Defendants' alleged intentional misclassification of SRH as an

independent contractor and their unilateral modification of the GFR agreement.  See Docket No.

117 at 21.  Such allegations, however, were referenced in the Second Amended Complaint.  See,

e.g., Second Amended Complaint at ¶¶ 10 (change to agreement occurred on or about December

11, 2020), 12, 102.  Indeed, SRH states that "the amendment will not substantially change the

factual issues which have been litigated between the parties during the course of this case, as

such are articulated in the current Second Amended Complaint" and that the amendment is

"consistent with [SRH's] basic claims made in this case from the beginning."  Docket No. 116 at

4.  To the extent that SRH relies on its principal's own anticipated testimony, that information

---

[3] At oral argument, SRH mentioned a spreadsheet produced by GEICO in discovery, but GEICO
represented that it had produced that document in January 2024, before the deadline for
amendments, and well over a year ago.

has always been available to it.

SRH also argues that no prejudice will result from the amendment because "discovery is far from complete." Id. at 10. This is inaccurate. The fact discovery deadline was May 7, 2025. Although the parties have filed a joint motion to extend that deadline, the proposed new deadline is only a few days away. See Docket No. 124.[4] Moreover, the parties' motion sought the extension for the sole purpose of conducting two depositions that had been noticed prior to the May 7 deadline but the parties were unable to complete due to other obligations. See Docket No. 124. If the amendment were allowed, GEICO would be entitled to conduct discovery regarding SRH's new Chapter 93A claim and the fact discovery deadline would have to be further extended. Accordingly, this Court finds that SRH's motion comes too late and lacks good cause.

IV.    ORDER

For all of these reasons, this Court denies SRH's motion to amend.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[4] At oral argument, the parties indicated that they need additional time to complete discovery beyond the proposed deadline because they were awaiting this Court's ruling on the discovery motions before completing the outstanding depositions. In any event, any extension of the discovery deadline will be brief and, as discussed above, only for the purpose of completing two depositions.