UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SRH HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-10325-DJC |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' SECOND MOTION TO COMPEL
[Docket No. 217]

January 16, 2026

Boal, M.J.

      Defendants Government Employees Insurance Company and GEICO Insurance Agency, Inc. (collectively, "GEICO") have filed a motion to compel plaintiff SRH Holdings, LLC ("SRH") to produce documents responsive to Request for Production No. 2 ("RFP No. 2"), which sought all documents that SRH's expert witnesses "reviewed in forming his or her opinions in this case." Docket No. 217.[1] For the following reasons, this Court denies the motion.

---

[1] On June 18, 2025, Judge Casper referred this case to the undersigned for full pretrial management. Docket No. 156.

1

I.      RELEVANT BACKGROUND

On August 25, 2025, SRH served its expert disclosures, including the expert report of Christopher Lee. See Docket No. 217-1. Mr. Lee, an accountant, is expected to testify about SRH's alleged damages for post-termination renewal commissions. See id. He attached some exhibits to his report, including spreadsheets (Exhibits C and D). See id. at 8.

GEICO requested that SRH provide Exhibits C and D in native format. See Docket No. 217-3 at 15. On December 5, 2025, SRH provided some spreadsheets in native format in response. Id. at 13. GEICO maintains that such spreadsheets were missing the "documents/data input into Exhibits C and D." Id. SRH's counsel responded as follows:

> The data set forth in Exhibits C and D was compiled into spreadsheets on an ongoing basis during the conduct of SRH's business. Payments of commissions were recorded as they were received by SRH. The commission statements from which the information was taken are not presently available. Therefore, additional documentation of the data cannot be produced.

Id. at 12. By this motion, GEICO seeks the underlying documents used by Richard Hurwitz, SRH's principal, to create Exhibit C.

SRH maintains that it has not withheld any documents which its experts reviewed or relied upon in the formulation of expert testimony. Docket No. 220 at 4. According to SRH, it produced a spreadsheet, which Mr. Hurwitz created, in its native format, setting forth monthly non-automobile insurance commission income for the entire period of its business operations. Id. at 5. This document is what was attached as Exhibit C to Lee's report. In addition, Mr. Lee also provided "his own spreadsheet, which he created on the basis of information received from [SRH], which contains the same data upon which damage calculations were made." Id. This document was attached as Exhibit D to Lee's report. At oral argument, GEICO confirmed that it

had in fact received Exhibits C and D in native format.² Any underlying documents used to input information into the spreadsheet created by Mr. Hurwitz were not produced to nor reviewed by Mr. Lee. Id.

GEICO filed the instant motion on December 16, 2025. Docket No. 217. SRH filed an opposition on December 27, 2025. Docket No. 220. This Court heard oral argument on January 14, 2026.

II.     ANALYSIS

   A.     Legal Standard

A party must disclose all materials, including work product, considered by an expert witness in forming an opinion. See Fed. R. Civ. P. 26(a)(2)(B)(ii); Clark v. Edison, No. 09-40040-FDS, 2010 WL 3245428, at *3 (D. Mass. Aug. 16, 2010); Suskind v. Home Depot Corp., No. CIV. A. 99-10575-NG, 2001 WL 92183, at *4 (D. Mass. Jan. 2, 2001). "Courts have interpreted the phrase 'considered by an expert witness' to require a broader disclosure than simply those documents an expert relied upon in formulating an opinion." Clark, 2010 WL 3245428, at *3. That is because "[a]sking a court to determine whether an expert actually relied on work product documents involves exploration of the expert's mental processes and risks creation of an unwieldy rule that would not provide certainty as to the protected status of work product materials." Lamonds v. General Motors Corp., 180 F.R.D. 302, 306 (W.D. Va. 1998).

However, the caselaw is not uniform regarding what constitutes consideration by an expert. For example, some courts have held that a party must disclose all information supplied to

---

² The metadata for Exhibit C showed that it was created on December 4, 2025 by Hurwitz. Docket No. 217-1 at 5. In its motion, GEICO questioned how this document could have been provided to SRH's expert when it was created on December 4, 2025. Id. It is not entirely clear why the document had a creation date of December 4, 2025 but, in any event, SRH has now provided GEICO with a copy of the version of Exhibit C that was sent to Lee in native format.

the expert. See, e.g., In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("fundamental fairness requires disclosure of all information *supplied* to a testifying expert in connection with his testimony") (emphasis added). Other courts have held that documents supplied to but not read, reviewed, or considered by the expert need not be produced. See, e.g., Amway Corp. v. Procter & Gamble Co., No. 98 Civ. 726, 2001 WL 1877268, at *1 (W.D. Mich. Apr. 17, 2001). Those cases finding that an expert must actually read or review a document to trigger the disclosure requirements of Rule 26(a)(2) "make clear that the burden of showing that the expert did not read or review a document lies with the party resisting discovery." United States Fidelity & Guar. Co. v. Braspetro Oil Servs., Co., No. 97 CIV. 6124JGKTHK, 2002 WL 15652, at *7 (S.D.N.Y. Jan. 7, 2002). This Court agrees with those courts that have found that the expert must have at least read or reviewed a document to trigger the disclosure requirement.

B.  Discussion

GEICO complains that SRH has not produced "the underlying source data, inputs, or intermediate computational materials used to generate those spreadsheets (e.g., raw datasets/exports, query outputs, data dictionaries, parameter files, filter settings, and intermediate or 'pilot' runs)." Docket No. 218 at 7. Such documents, however, are not responsive to RFP No. 2. While such documents may be relevant to this action, GEICO has not cited any other request for production that would encompass such documents.[3]

---

[3] At oral argument, GEICO raised a different potential dispute regarding certain tax documents that have not been produced. This Court makes no findings regarding that dispute. GEICO should attempt to resolve that dispute without court intervention and, if unable to do so, could file a motion. This Court notes, however, that in bringing that dispute to the Court's attention, GEICO's counsel cited to specific requests for production. As it has not done so here, this Court must assume that the documents it seeks by this motion are not responsive to any other requests for production.

GEICO also argues that this "omission violates the 'facts or data considered' standard, as it withholds factual ingredients the expert considered in shaping opinions—precisely the information Rule 26 requires GEICO to receive so it can replicate and test the calculations before depositions and Daubert deadlines." Id.  It is undisputed, however, that Lee never received nor reviewed the underlying materials that GEICO seeks.[4]  Rather, Lee received the spreadsheet that Hurwitz created and used that spreadsheet to make his own calculations.  As such, those materials are not discoverable under Rule 26(a)(2)(B)(ii).

This Court, therefore, has no authority to order SRH to produce the materials that GEICO seeks.  At the January 14 hearing, however, SRH's counsel expressed a willingness to provide voluntarily available bank statements showing commission payments and any commission statements still in the possession of SRH.  This Court encourages SRH to do so.

GEICO's request to re-depose Hurwitz and its request for sanctions are denied.

III.   ORDER

For the foregoing reasons, this Court denies GEICO's motion.

   /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

[4] At oral argument, GEICO acknowledged that Lee did not review nor consider the underlying materials and did not corroborate the data provided by Hurwitz.  While Lee's failure to review the underlying data may provide avenues of cross-examination, it does not make the materials discoverable under Rule 26(a)(2)(B)(ii).