UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SRH HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-10325-DJC |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES
[Docket No. 205]

June 29, 2026

Boal, M.J.

On September 17, 2025, this Court granted in part plaintiff SRH Holdings, LLC's

("SRH") motion to compel and for sanctions. Docket No. 192.[1] It also awarded SRH its

reasonable costs and attorney's fees for the filing of the motion of compel (Docket No. 177) and

its August 29, 2025, status report. Id. at 4. GEICO appealed the sanctions order on October 1,

2025. Docket No. 207. Chief Judge Casper overruled GEICO's objections on May 1, 2026.

Docket No. 248.

SRH has filed an application for such fees, totaling $8,475.00. Docket No. 205.[2] For the

---

[1] This Court assumes familiarity with its previous order that imposed monetary sanctions. The only remaining issue before this Court in conjunction with that decision is the amount of the sanctions which is addressed herein.

[2] On June 18, 2025, Chief Judge Casper referred this case to the undersigned for full pretrial management. Docket No. 156.

1

following reasons, this Court orders defendants to pay $5,520.00 to SRH.

I.        STANDARD OF REVIEW

The First Circuit has summarized the principles applicable to the determination of a

reasonable attorney's fee award:

> When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar. In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates. The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates. The putative payor may submit countervailing evidence. The court, usually after hearing arguments, will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

Hutchinson ex rel. v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotation

marks omitted).

The first step in calculating the lodestar amount involves determining the reasonable

hourly rate.  The reasonable hourly rate is the rate "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation."  Norkunas v.

HPT Cambridge, LLC, 969 F. Supp.2d 184, 197 (D. Mass. 2013) (citation omitted).  "The fee-

seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in

the community for the performance of similar legal services by comparably credentialled

counsel." Hutchinson, 636 F.3d at 16 (citations omitted).

"Typically, a court proceeds to compute the lodestar amount by ascertaining the time

counsel actually spent on the case and then subtracting from that figure hours which were

duplicative, unproductive, excessive, or otherwise unnecessary." Cruz v. Bos. Litigation

Solutions, No. 13-11127-LTS, 2016 WL 11661320, at *2 (D. Mass. Apr. 4, 2016) (quoting

2

Guckenberger v. Bos. Univ., 8 F.Supp.2d 91, 100 (D. Mass. 1998)).  The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request.  Guckenberger, 8 F.Supp.2d at 100 (quotations omitted); see also Perez-Sosa v. Garland, 22 F.4th 312, 321-322 (1st Cir. 2022) (citation omitted) ("Although [the lodestar] method requires arithmetical calculations, we must bear in mind that the district court's task in fashioning a reasonable fee . . . 'is to do rough justice, not to achieve auditing perfection.'").  "Because district judges 'need not, and indeed should not, become green-eyeshade accountants,' they 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Perez-Sosa, 22 F.4th at 322 (citation omitted).

II.     DISCUSSION

SRH seeks hourly rates of $575.00 for Attorney Michael B. Cosentino, $550.00 for Attorney Eric Finamore, and $300 for Attorney George Liddy.  See Docket No. 205 at 2.  SRH has not, however, provided any evidence to show that such fees reflect the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  SRH states only that Attorney Cosentino has been a practicing attorney since 1990; that Attorney Finamore has been a practicing attorney since 1983, and that Attorney Liddy has been a practicing attorney since 2022.  Id.

Nevertheless, based on this Court's own research, it appears that a rate of $450 for Attorney Cosentino and Attorney Finamore's work is closer to what is considered reasonable in the Boston area for attorneys of comparable experience at a firm of similar size.  See, e.g., Bixby v. Oliveira, 744 F.Supp.3d 84, 93-94 (D. Mass. 2024) (collecting cases); see also Trindade v. Grove Servs., Inc., No. 19-cv-10717-ADB, 2023 WL 12023449, at *5 (D. Mass. Nov. 20, 2023) (approving $450 rate for lawyer with 27 years of experience).  Given his level of experience,

Attorney Liddy's rate of $300 per hour appears reasonable.  See, e.g., Alexander v. Massachusetts Dep't of Correction, 734 F.Supp.3d 133, 140 (D. Mass. 2024) (finding hourly rates between $345 and $385 for associate with five years of experience reasonable).

With respect to the time spent on relevant tasks, Attorney Liddy spent 3.7 hours researching and drafting the motion to compel, as well as other related tasks such as organizing exhibits.  Docket No. 205 at 4.  This Court finds the time spent on such tasks to be reasonable under the circumstances.

SRH also requests fees for a total of 13 hours spent on tasks related to the August 29, 2025, status report.  Docket No. 205 at 5.  It appears that the time spent on such tasks was somewhat excessive and likely inflated by counsel's failure to attempt to collaborate on a joint status report.  See Docket No. 189.  I therefore will reduce the amount spent on such tasks by 25%.

Based on the foregoing, the lodestar amount is as follows:

| | | | |
|---|---|---|---|
| Attorney Cosentino | 8.1 hours x $450/hr | = | $3,645.00 |
| Attorney Finamore | 1.7 hours x $450/hr | = | $765.00 |
| Attorney Liddy | 3.7 hours x $300/hr | = | $1,110.00 |
| Total | | | $5,520.00 |

III.    ORDER

For the foregoing reasons, this Court orders defendants to pay SRH attorney's fees in the amount of $5,520.00.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

4