**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **SRH HOLDINGS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 23-cv-10325-DJC** |
| | ) | |
| **GOVERNMENT EMPLOYEES INSURANCE** | ) | |
| **COMPANY and GEICO INSURANCE** | ) | |
| **AGENCY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON REPORT & RECOMMENDATION (D. 261)**

**CASPER, J.**                                                                                          **August 5, 2026**


**INTRODUCTION**

Having considered the Report and Recommendation ("R&R") (Boal, M. J.), D. 261, on the

motion for summary judgment of Defendants (collectively, "GEICO") on all remaining claims, D.

229, the objection of Plaintiff SRH Holdings, LLC ("SRH") to same, D. 268, and GEICO's reply,

D. 270, the Court ADOPTS and ACCEPTS the R&R.

**RELEVANT BACKGROUND**

On GEICO's motion to dismiss, the Court previously dismissed the claims for breach of

implied covenant of good faith and fair dealing claim (Count IV), misrepresentation (Count V),

declaratory judgment (Count VII) and so much of the breach of contract claim (Count I) that

alleged wrongful termination of the GEICO Field Representative Agreement ("GFR Agreement")

executed by the parties on December 11, 2022, D. 41 at 9, 16, so GEICO seeks summary judgment

1

as to SRH's remaining claims (breach of contract to extent that it alleged a wrongful suspension (Count I); renewal commissions (Count II), unjust enrichment (Count III), and misclassification in violation of Mass. Gen. L. c. 149, § 148B (Count VI)).  Id. at 9-10, 16; D. 25 ¶¶ 71-89, 100-06.

### STANDARD OF REVIEW

Given that the pending motion is a dispositive one, 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) govern this Court's standard of review.  Accordingly, this Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and it "may accept, reject, or modify the recommended disposition."  Rule 72(b)(3); see 28 U.S.C. § 636(b)(1)(C) (same).

The Court has considered, *de novo*, the recommendation that the Court grant summary judgment to GEICO on each of the remaining four claims and concludes that such ruling is warranted.  As to each of these claims, even "viewed in the light most favorable to [SRH]," summary judgment is warranted since record reveals "no genuine issue of material fact." Zabala-De Jesus v. Sanofi-Aventis P.R., Inc., 959 F.3d 423, 427-28 (1st Cir. 2020).  The Court now turns to each of these claims and SRH's objections to the R&R about each in turn.

### DISCUSSION

*Count VI.*  The Court concluded that SRH lacked standing to assert its misclassification claim, Count VI.  D. 261 at 8.  Contrary to SRH's suggestion, see D. 268 at 7-9,  the R&R recognized that the mere fact of incorporation does not defeat such a claim, D. 261 at 9 (citing Chambers v. RDI Logistics, Inc., 476 Mass. 95, 106 (2016)) and that the non-exhaustive factors in Chambers are to determine if "the corporate form represents a legitimate business-to-business relationship or one used to prevent the classification of workers as employees."  D. 261 at 9; Chambers, 476 Mass. at 109.  Moreover, the undisputed record is that SRH's principal, Richard

Hurwitz, and his counsel formed SRH, before the GFR Agreement with GEICO and decided the corporate form.  D. 261 at 9-10 (citing D. 241 ¶¶ 2-3, 5).  SRH leased its own space, employed its own employees, determined and paid their wages and benefits, owned its assets, paid its rent, business taxes, and carried commercial liability insurance.  Id. (citing D. 241 at ¶¶ 14-17, 20-50). Although SRH points out that it was a "captive agent" of GEICO's, D. 268 at 8, it remains undisputed that SRH is not an insurance carrier as GEICO is, D. 261 at 10 (D. 241 at ¶¶ 51-52), and SRH is not a sham corporation.  D. 241 ¶ 13.   The fact that its relationship with GEICO was governed by the GFR Agreement, D. 229-9, dictated certain terms about SRH's "standards of service," advertising and solicitation of business, use of GEICO's intellectual property and maintenance of its accounts, compare id. with D. 241 ¶¶ 99, 100-02, 109, 115, does not change the undisputed record regarding the formation of SRH and its operation noted above.   On the undisputed record and as a matter of law, there was a legitimate business-to-business relationship between the two parties and, accordingly, SRH lacks standing for the misclassification claim, Count VI.   See, e.g., Cook v. Estes Express Lines, Corp., No. 16-cv-11538-RGS, 2018 WL 1773742, at *2 (D. Mass. Apr. 12, 2018) (concluding that where plaintiff's "businesses employed sixty other drivers . . . he filed business tax returns, which disclose substantial business income" that "he cannot, as a matter of law, be considered an 'individual' within the meaning of §148B [of Mass. Gen. L. c. 149]" and granting summary judgment for defendant);  Debnam v. FedEx Home Delivery, No. 10-cv-11025-GAO, 2013 WL 5434142, at *1 (D. Mass. Sept. 27, 2013) (concluding that where "plaintiff's relationship with FedEx Ground was that of . . .  a 'legitimate independent contractor' in a 'business-to-business' relationship" and, accordingly, granting summary judgment to defendant).  In light of this ruling on this basis, the Court does not reach GEICO's challenge to this claim as to damages.  D. 261 at 10 n.42.

3

*Count I.*  Now at the summary judgment stage, SRH has failed to identify a genuine dispute of material fact as to the remainder of the breach of contract claim, Count I, for business suspension.  Although this Court let this portion of Count I (narrowly) survive the motion to dismiss, D. 41 at 10, "summary judgment is the 'put up or shut up' moment in litigation" where the nonmovant must point to facts to allege that there is a disputed issue of material fact as to this claim.  Guldseth v. Family Medicine Assocs. LLC, 45 F.4th 526, 533 (1st Cir. 2022).  As to whether GEICO determined that SRH violated Section II(D) of the GFR Agreement (which gave GEICO the unilateral right to suspend SRH's access to its systems, D. 229-9 at 6; D. 41 at 10), it is undisputed that GEICO initiated an investigation regarding prohibited password sharing after receiving a complaint of same from a whistleblower.  D. 247 ¶¶ 69-71.  Although SRH "disputes" certain portions of GEICO's statement of facts as to this matter, it does not point to a factual basis for same.  As to its contention that the whistleblower's email does not use the phrase "password sharing," id. ¶ 69, that does not negate the record, undisputed, that the email referenced the use of agents' "codes" by other agents,  GEICO conducted an investigation regarding these allegations and informed SRH of same.  D. 247 ¶ 71.  On this record, no reasonable jury could find otherwise. To the extent that SRH has argued that GEICO took some wrongful action that prevented its access that it "need[ed] to earn the contract's fruits," D. 268 at 9, the undisputed record remains that GEICO took the actions to suspend SRH's access as it was permitted to do under the GFR Agreement.  D. 270 at 7.  Where SRH, now at the summary judgment stage, has not pointed to a genuine issue of material of fact as to this matter, GEICO is entitled to summary judgment on the remainder of the breach of contract claim, Count I.

*Count II.*  As to Count II, summary judgment for GEICO as to this claim also is warranted. In this claim, SRH alleges that it is entitled to post-termination renewal commissions based upon

insurance renewals that occurred after the termination date of the GFR Agreement.  D. 25 ¶¶ 77-81.  Under applicable Maryland law, "[i]n the absence of a provision in the agreement providing continued payment of renewal commissions after termination, an agent has no right to such commissions."  Sims Agency, LLC v. Gov't Emp. Ins. Co., 159 F.4th 286, 289 & n.4 (5th Cir. 2025) (quoting Travelers Indem. Co. v. Merling, 326 Md. 329, 336 n.5 (1992)).  Here, the GFR Agreement contains no such provision.  See id. (concluding that in the absence of such express language, the parties' agreement did not entitle plaintiff to post-termination renewal commissions).  SRH contends that it is still entitled to such commissions given the provision of the "survival clause," D. 268 at 16, Section V(D) of the GFR Agreement that provides that "[u]pon termination of this Agreement, a party's obligations shall cease except for those remaining or required to be performed following such termination. … the parties agree that those provisions of this Agreement that logically should survive its termination in order to accomplish its fundamental purposes will do so").  Sims is both persuasive and instructive on this point since such a "survival clause is too generic to qualify as the express contractual grant of post-termination commission rights required by Maryland law."  Sims, 159 F.4th at 289; see, e.g., Ward v. Anixter, Inc., No. 21-cv-0468-SEG, 2023 WL 11909432, at *12 n.8 (N.D. Ga. Oct. 17, 2023) (concluding that  "no reasonable juror could infer from the Survival Clause the creation of a right—such as the claimed right to perpetual post-termination commission—that does not exist elsewhere in the Agreement").  Accordingly, as a matter of law, Section V(D) does not save SRH's claim.

Also, the Court rejects that the GFR Agreement is ambiguous as to post-termination renewals as compared to an earlier GFR Agreement (executed on May 13, 2020, D. 41 at 3; D. 25 ¶ 9).  It is not ambiguous as ambiguity only exists if a contract "when read by a reasonably prudent person" is "susceptible of more than one meaning."  Huggins v. Huggins & Harrison, Inc., 220

Md. App. 405, 418 (2014).  There is nothing about the clear language of the GFR Agreement that is ambiguous.  Considering extrinsic evidence (here, as SRH urges, the parties' earlier May GFR Agreement) to contend that the operative agreement, the GFR Agreement, was ambiguous would contradict parol evidence rule and contract principles under Maryland law.  See Calomiris v. Woods, 353 Md. 425, 432 (1999); Huggins, 220 Md. App. at 422.  Accordingly, as a matter of law, GEICO is entitled to summary judgment on Count II.

*Count III.*  Lastly, the Court concludes that summary judgment for GEICO is also warranted as to Count III, the unjust enrichment claim.  D. 25 ¶¶ 82-89.  Whether Massachusetts or Maryland applies, a party may not prevail on an unjust enrichment claim where a contract defines the obligations between the parties.  D. 261 at 15 (citing Alantra LLC v. Apex Indus. Techs., 636 F. Supp. 3d 223, 236 (D. Mass. 2022); AAC HP Realty, LLC v. Bubba Gump Shrimp Co. Restaurants, Inc., 243 Md. App. 62, 71 (2019)).  It is undisputed that the GFR Agreement addressed the compensation that SRH would receive while GEICO's agent and, as discussed above as to Count II, did not grant any post-termination renewal commissions.  As the R&R correctly held, "[b]ecause the [GFR Agreement] covers the subject matter of SRH's claim, SRH cannot maintain a claim for unjust enrichment."  D. 261 at 15; see, e.g., Ct. Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc., 358 Md. 83, 96 (2000) (noting that the "general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests") (internal citation omitted). Accordingly, the Court, as a matter of law, grants summary judgment to GEICO on Count III.

## <u>CONCLUSION</u>

For the foregoing reasons, after *de novo* determination, the Court ACCEPTS and ADOPTS

the R&R, D. 261, and ALLOWS GEICO's motion for summary judgment, D. 229.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge